## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                       \*

**BRIAN WILLIS,**            \*   No. 2:06-cv-01829-AK

          \*

    Petitioner,      \*

          \*

   v.                \*

          \*

**ROSEANNE CAMPBELL, Warden;**  \*   **ORDER**
**Attorney General for the State of**  \*
**California,**              \*

          \*

    Respondents.     \*

          \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    Petitioner is serving a life sentence for a murder he committed in 1977, when he was 17 years old. He carjacked Rachel Sparling, took her to a remote location and shot her twice in the head. He was apprehended, tried and convicted of first degree murder, robbery and kidnapping with great bodily injury. He received a sentence of life with the possibility of parole.

    Willis challenges the 2004 decision of the Board of Parole Hearings denying him parole for three years because he continued to pose "an unreasonable risk of danger to society or a threat to public safety if released from prison." The Board

page 2

based its conclusion on (1) Willis having perpetrated the commitment offense in an especially cruel and callous manner, Dkt. Entry 6 Exh. C, 2004 Parole Hr'g Tr. (hereinafter "Tr.") at 61–62; (2) his prior criminal history and escalating pattern of criminal behavior leading up to the murder of Sparling, id. at 62–63; (3) his unstable social history, id. at 63; (4) his failure to make parole plans for employment and housing, id. at 39, 64; (5) his apparent lack of commitment to self-rehabilitation, evident from his less-than-halfhearted participation in the prison AA program, id. at 32, 66–68; and (6) his attitude at the parole hearing, id. at 47, 65.  At the same time, the Board recognized Willis's achievements through vocational training, his decision to dissociate himself from the Aryan Brotherhood gang in 1990 and his subsequently good prison disciplinary record.

Willis filed a petition for a writ of habeas corpus in Los Angeles County Superior Court, which held that "some evidence" supported the Board's findings and decision, and thus denied the petition.  The California Court of Appeal affirmed in a one-page order holding that some evidence supported the findings of the Board.  Willis then filed a petition for review in the California Supreme Court, which summarily denied the petition.

The California Supreme Court effectively adopted the last reasoned decision, which in this case came from the Superior Court.  Ylst v. Nunnemaker,

501 U.S. 797, 803–04 (1991).  A federal court examines the state court's decision

through the lens of the Antiterrorism and Effective Death Penalty Act (AEDPA),

which limits review to whether the state decision was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d).  The Supreme Court

has explained that this "highly deferential standard . . . demands that state court

decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19,

24 (2002) (citation omitted).  Accordingly, "it is not enough to convince a federal

habeas court that, in its independent judgment, the state court decision applied

[Supreme Court precedent] incorrectly." Bell v. Cone, 535 U.S. 685, 699 (2002).

In the parole denial context, however, the Ninth Circuit has suggested that the

Parole Board may not rely indefinitely on the immutable facts existing at the time

of petitioner's commitment.  See Irons v. Carey, 505 F.3d 846, 853 (9th Cir. 2007)

(citing Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006);

Biggs v. Terhune, 334 F.3d 910, 916–17 (9th Cir. 2003)).

    While Willis contends that the Board relied "solely" on "static offense

facts," the record belies this claim.  The Board expressly considered his lack of

parole plans, Tr. at 39–41, 64, apathy toward the prison AA program in which he

participated, id. at 32, 66–68, and demeanor during the parole hearing, id. at 47, 65.

page 4

See p.2, supra.  Speaking for the Board after a fairly lengthy hearing, Presiding

Commissioner Welch declared that "[petitioner] came across as immature.  [He]

came across as a person that [has] made no plans for [his] future outside of prison. .

. .  [His] attitude it's almost as if [he] were trying to convince the Board that [he]

really was not trying to get a parole date today."  Tr. at 65.

Because the state court decision must be upheld even under the "some

evidence" standard, there's no need to reach respondent's argument that an even

lower standard applies.

The petition for a writ of habeas corpus is DENIED.

January 5, 2009

ALEX KOZINSKI
United States Chief Circuit Judge
Sitting by designation